## No. 14,828.

REESER *v.* PEOPLE IN THE INTEREST OF ROBERT ARMSTRONG, A MINOR.
(105 P. [2d] 849)

Decided September 16, 1940.

Mr. A. G. GERTZ, Mr. L. A. HELLERSTEIN, for plaintiff in error.

Mr. MANDEL BERENBAUM for defendant in error.

382

*In Department.*

Mr. Chief Justice Hilliard delivered the opinion of the court.

January 31, 1939, a petition in contributory dependency was filed by the mother of an unborn child, charging that plaintiff in error, hereinafter designated as Reeser, was its father. Subsequently, but prior to the trial, the petition was amended to show that the child was born June 10, 1939. Reeser denied the charge, but on trial to a jury the verdict was adverse to him.

█ It appears that in the course of the trial Reeser contended that prior thereto, but subsequent to the charge, the mother of the child had stated to him and to his mother that the charge was false, and that another was the father of her child, to which effect, as she stated to them, she had written a letter to Reeser, but had withheld its delivery; that she promised to deliver the letter, first, to him, and later, to his mother, but had failed to do so. His counsel, proceeding in the usual manner, demanded production of the letter for use at the trial, which not only was refused, but on examination the mother of the child testified there had been no such letter, and, moreover, denied that she had stated to Reeser or his mother that she had written a letter to the import claimed, or that any such letter then or ever existed.

In due course counsel for Reeser filed a motion for new trial in which many grounds were assigned. We confine our discussion to the claim of newly discovered evidence. The basis of that claim is, that two days after the trial the mother of the child telephoned Reeser and stated that, although she had denied it at the trial, she had written a letter to the purport as contended by him, long before the trial; that, as she had told him prior thereto, she still had the letter; and that if he would call on her she would give it to him. Based on that

promise, Reeser called on the mother, who, claiming she could not find the remaining portion of the letter, gave him one sheet thereof, on both sides of which she had written. The general effect of this writing was that she had had relations with other men, naming one of them, at times well calculated to raise doubt as to the paternity of the child in question. This motion was supported by affidavits made by Reeser and his mother, and accompanied by so much of the letter as we have mentioned. The affidavits amply detailed the story. There was no denial or other countershowing.

On the record as stated the motion for new trial was argued, and taken under advisement. After some days, the judge, proceeding on his own motion, called the parties and their counsel before him, and over the objection of counsel for Reeser, examined the latter and the mother of the child orally in relation to the letter. From the examination so conducted, it appeared that the mother admitted she had written the letter and at a time preceding the trial, but which she had denied when production of the document was demanded, as already stated. She added, however, that the letter was the result of importunities by Reeser, and as he had dictated from time to time. The latter denied having sought the letter, or that he had dictated any part of it. Touching the point, the court found that "Respondent [Reeser] is the moving party in this instance and he it was who conceived the whole affair and encouraged the petitioner [mother of the child] to construct such a document [the letter]. This court believes that such a document should not be treated as newly discovered evidence." The motion for new trial was denied.

We think that in making this ruling the court erred. Had the letter, clearly pertinent to the major issue, been produced at the trial and received in evidence, it might well have influenced the triers of the facts to a different

conclusion than the one upon which the verdict was based. Certainly, as we think, its implications, as well as the stories of the parties in relation to it, presented questions, the solution of which was the sole province of the jury, and since production of the letter at the trial was circumvented by the testimony of the woman, already stated, the circumstances warrant the conclusion that it constitutes newly discovered evidence. The motion for new trial should have been granted. To that end let the judgment be reversed.

Mr. Justice Knous and Mr. Justice Otto Bock concur.